**In re Harold TURBOFF, Ronald Turboff.**

**Bankruptcy Nos. 87–07039–H3–11, 87–07038–H3–11.**

United States Bankruptcy Court, S.D. Texas, Houston Division.

May 31, 1990.

Lenard M. Parkins, Sheinfeld, Maley & Kay, Houston, Tex., for debtors.

Ronald J. Sommers, Houston, Tex., for Gertner, Aron & Ledet Investments.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW ON DEBTORS MOTION TO DISMISS

LETITIA Z. CLARK, Bankruptcy Judge.

Movant Debtors seek to dismiss each of their Bankruptcy actions pursuant to 11 U.S.C. § 1112(b) of the Bankruptcy Code. Movants' motions are opposed by a creditor, Gertner, Aron & Ledet Investments ("GALI"). After considering the pleadings, evidence, memoranda, and arguments of counsel the court makes the following findings of fact and conclusions of law and enters a separate Judgment in conjunction herewith. For the reasons discussed below, the Debtors' Motions are to be grant-

ed, with certain caveats. To the extent any of the following findings of fact are considered to be conclusions of law, they are hereby adopted as such, and to the extent any of the conclusions of law are considered to be findings of fact, they are hereby adopted as such.

Debtors each filed a Chapter 11 under the Bankruptcy Code on July 22, 1987, and continue to operate their respective businesses. Debtors have each filed a Motion to Dismiss, to which GALI objected. GALI is the sole objector to this dismissal. GALI obtained a state court judgment jointly and severally against three debtors, Harold, Jerald and Ronald Turboff, based on breach of contract and fraud in an amount in excess of $4.5 million. GALI filed a claim in each Debtor's case for over $7 million. Immediately following the verdict, Debtors filed the instant Chapter 11 cases and appealed the state court judgment. The state court judgment was reversed and remanded, on grounds that a partial summary judgment issue obscured evidence admitted on the fraud issue. The Texas Supreme Court denied GALI's writ. A retrial as to the breach of contract claims was scheduled to be held (but was not) in April of 1990. The state court severed the tort issues, which have not yet been set for trial.

Debtors state they seek to dismiss because they each have sufficient assets to insure payment to their remaining creditors. They testified the continuance of Bankruptcy proceedings is a burden on each Debtor's day-to-day business operations. Debtors are in the investment business, and state the continuation of Bankruptcy proceedings hampers expansion and prompt response to business opportunities. Additionally, given the conditional status of GALI's claim, Debtors state no plan can be proposed and implemented until the state court proceedings are finalized. According to each party's witnesses, exhaustion of the state court's remedies, including anticipated appeal time, will take at least two years. Distributions under a Chapter 11 plan, before this state court litigation is resolved would be extremely difficult, perhaps impossible.

■ Section 1112(b) of the Bankruptcy Code permits the court to dismiss a voluntary Chapter 11 "for cause" upon the motion of any party in interest, including the debtor. While § 1112(b) contains a list of factors which constitute cause, this list is not exhaustive. Dismissal must be in the best interests of creditors and the estate. In determining whether to dismiss, courts use their equitable authority and consider the factors of each case to reach an appropriate result. *See Comments* to 11 U.S.C. § 1112. The court's decision is discretionary. *Matter of Atlas Supply Corp.*, 857 F.2d 1061 (5th Cir.1988). Although the *Atlas* case involved the dismissal of a Chapter 7, courts have applied the same reasoning to Chapter 11 dismissals for cause. *In re Geller*, 74 B.R. 685 (Bankr.E.D.Pa.1987). The *Geller* court reasoned that, some "plain legal prejudice" to creditors must be shown if dismissal is not to be granted. *Id.* at 690. Even upon a showing of this high degree of prejudice, the prejudice must outweigh articulated prejudice to the debtor to deny dismissal. *Id.* While the initial burden is on the movant to show cause for dismissal, *In re Copy Crafters Quickprint, Inc.*, 92 B.R. 973 (Bankr.N.D.N.Y. 1988), creditors must show that dismissal would result in "plain legal prejudice". *Geller*, 74 B.R. at 690.

■ GALI's showing of legal prejudice essentially rests on four grounds. First, GALI believes Debtors will refile for Bankruptcy if GALI obtains a favorable judgment in state court, and that this would force GALI to incur more costs in the new proceeding. Second, GALI has expended large sums of money to monitor the actions and transactions of the Debtors throughout this proceeding. Third, Debtors have allegedly made transfers which are avoidable or recoverable, and the right to avoid and recover such transfers will be lost once the Bankruptcy proceeding is dismissed. Fourth, and intertwined with the third ground, GALI claims that there is no assurance that Debtors' assets will be preserved.

In addressing GALI's first objection, it is apparent that the Debtors filed Bankruptcy

as a result of the original GALI state court judgment. According to the testimony of Harold Turboff, Debtor, the posting of twenty percent (20%) of the judgment for a supersedeas bond would have tied up his cash collateral to the extent that his business would have decreased and been inoperable. Ronald Turboff, Debtor, gave similar testimony as to the effect on his business. Debtors on cross examination did not aver that if this proceeding were dismissed, they would not refile Bankruptcy if the state court decision on retrial was in favor of GALI.

With regard to GALI's second objection, as a practical matter, GALI did not demonstrate that its appearing in a newly filed proceeding would be more costly than for GALI to continue in this proceeding. GALI's showing of expenditures in monitoring these cases in itself does not demonstrate plain legal prejudice. These costs are unfortunate and virtually inevitable, but do not alone constitute a sufficient "stake" in the present proceeding to justify maintaining it over Debtor's opposition.

However, GALI's third proposed basis for denial of Debtors' motions is of considerable concern. Dismissal or loss of potential causes of action to avoid and recover the transfer of funds under § 547, § 548 and § 549 of the Bankruptcy Code can result in plain legal prejudice. See *In re Geller, supra*, pp. 690–691.

It is a matter of record that GALI has not yet filed such suits pursuant to § 547, 548, or 549. However, for GALI to have done so would have been difficult, since such causes ordinarily may be brought only by the trustee or debtor-in-possession. In the case of individual Chapter 11 debtors, such as those here, the problem is especially acute. It would be rare indeed for an individual Chapter 11 debtor to sue himself for his own improper actions on behalf of the debtor-in-possession. Accordingly, third parties are at times authorized to bring such suits. *See, e.g. In re Louisiana World Exposition, Inc.*, 858 F.2d 233 (5th Cir.1988); *Matter of Marin Aviation, Inc.*, 53 B.R. 497 (Bankr.D.N.J.1984). GALI has sought leave to bring such a suit

in the Harold Turboff bankruptcy (Docket No. 192), but passed the hearing on the Motion (Dockets Nos. 237 & 246), citing the uncertainty of the status of the state court litigation, and its own costs in proceeding prior to resolution of the state court case.

Although GALI has not, to date, sought leave of court to pursue any avoidance and recovery actions in the Ronald Turboff bankruptcy, the same problems apply in bringing such suits in this matter.

In balancing the various claims to equity, and upon consideration of *Geller, supra*, the court concludes that it is appropriate to give GALI an opportunity to file a motion seeking hearing on its Motion for Authority to Bring Suit (Docket No. 192) in the Harold Turboff matter, and any other such motion for authority to bring suit it deems appropriate, as to either Debtor.

If no such motion is filed within thirty (30) days of entry of these Findings of Fact and Conclusions of Law, Debtors' counsel shall so certify to this court, and an order dismissing will be signed and entered.

If such a motion is filed, hearing will be held thereon. If, following such hearing, GALI is permitted by the court to bring suit pursuant to § 547, 548 or 549 and files such suit within thirty (30) days of entry of the order granting GALI leave to do so, no dismissal will be entered, until such suit is resolved and upon further order of this court. If GALI is not permitted to bring such suit, an order of dismissal will be signed and entered as to the appropriate Debtor(s).

### INTERIM JUDGMENT

Pursuant to Findings of Fact and Conclusions of Law executed this date, it is

ORDERED that the Motion of each Debtor to dismiss, pursuant to Bankruptcy Code Section 1112(b), is granted with certain caveats: GALI is authorized to file a Motion to Set Additional Hearing on its Motion for Leave to Bring Suit in the Harold Turboff matter or other motions for leave to bring suit as to either Debtor; if no such motion is filed within thirty (30) days of entry hereof, Debtors' counsel shall

so certify to this court, and an order dismissing will be signed and entered. If such a motion is filed, hearing will be held thereon. If GALI is thereafter permitted by the court to bring suit pursuant to § 547, 548 or 549 and files such suit within thirty (30) days of entry of the order granting GALI leave to do so, no dismissal will be entered, until such suit is resolved and upon further order of this court. If GALI is not permitted to bring such suit, an order of dismissal will be signed and entered as to the appropriate Debtor(s).